UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22126-CIV-LENARD/TORRES

SHEILA DENNIS,

      Plaintiff,

vs.

CITY OF NORTH MIAMI,
MIAMI-DADE COUNTY, et al.,

      Defendants.
_____/

## OMNIBUS ORDER

This matter is before the Court on Defendant Miami-Dade County's Motion to Dismiss Complaint and Strike Request for Punitive Damages [D.E. 18], Plaintiff's Response [D.E. 24] and Miami-Dade's Reply [D.E. 27], Defendant Tenet Healthcare Corporation's Motion to Dismiss for Failure to Comply with Federal Rules of Civil Procedure 8(a), 8(e), 10(b), and 12(b)(6) [D.E. 23-1], Plaintiff's Response [D.E. 25] and Tenet Healthcare's Reply [D.E. 28], Defendant City of North Miami's Motion to Dismiss [D.E. 29], to which Plaintiff did not respond, and Plaintiff's Motion for Leave to Amend Claims or Complaint, Joinder, Protective Order, To Compel Police Officers' and Doctor's Personnel Records, Submission of Evidence and Reinstatement of Doctor [D.E. 30], Plaintiff's Supplemental Brief [D.E. 34], Tenet Healthcare's Response [D.E. 31] and Miami-Dade County's Response [D.E. 36].

The matters are fully briefed and ripe for adjudication. For the reasons that follow, Defendants' Motions to Dismiss are **GRANTED**, and Plaintiff's Motion for Leave to Amend is **GRANTED IN PART**.[1]

## I. BACKGROUND

This is a *pro se* civil rights suit brought pursuant to 42 U.S.C. § 1983.[2] Plaintiff alleges several constitutional rights violations stemming from an incident where she was involuntarily committed to North Shore Hospital [D.E. 1]. According to the Complaint, Plaintiff went to the North Miami Police Station to file an assault charge against her ex-roommate. A police supervisor instructed fellow officers to escort Plaintiff outside the police station, and then to take her statement:

> In the parking lot, [an officer] told Plaintiff to tell him what happened and Plaintiff explained that the police is not doing anything to help her about her former roommate who followed her to one of her customer's place of business and that ironically, the police somehow, was there also.... Plaintiff basically explained that she has been getting harassed by certain police officers basically after she reported a police officer in Washington DC, was involved in a lawsuit and strange things began happening to her.

[D.E. 1 at ¶ 37-41]. Then, for reasons unspecified, the officers took Plaintiff into custody, and admitted her to the North Shore Hospital for Baker Act depression. [D.E. 1 at p. 74]. At the hospital, she was examined by several psychiatrists, and was discharged 48 hours later.

---

[1] This matter was referred to the undersigned magistrate judge for a disposition pursuant to 28 U.S.C. § 636.[D.E. 5]. As the relief being entered here is non-dispositive, the Court will enter this Order. The parties may appeal this Order, however, to the District Judge as per S.D. Fla. Mag. J. R. 4(b) and seek de novo review.

[2] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ..." 42 U.S.C. § 1983.

The Complaint raises sixteen counts against eight defendants. In addition to the civil rights claims against the police officers and treating physicians, she is suing for defamation, conspiracy, false imprisonment, and abuse of process. She is further alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff is seeking injunctive relief directing the expungement of her hospital records, $25,000,000 in compensatory and punitive damages, and declaratory relief from liability for payment of hospital fees incurred as a result of her involuntary confinement. Finally, she is requesting that the state prosecute the Defendants for committing criminal acts.

Miami-Dade County, Tenet Healthcare, and the City of North Miami (collectively "Defendants") raise several grounds in support of their respective motions to dismiss: (i) the facts in the Complaint are neither "short and plain" nor "concise" and the pleading therefore fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure; (ii) the Complaint fails to comply with the requirements of Rule 10; (iii) the Complaint fails to state a cause of action upon which relief can be granted pursuant to Rule 12(b)(6); (iv) Defendants are entitled to sovereign immunity; (v) Defendants are entitled to qualified immunity; and (vi) Plaintiff fails to comply with the medical malpractice pre-suit requirements required by Fla. Stat. § 766.203 . We suspect (but need not decide) that Plaintiff's Complaint would not withstand many of these facial attacks. For now, the appropriate disposition is to grant Defendants' Motions to Dismiss because Plaintiff's Complaint clearly violates Rule 8.

## II.   ANALYSIS

In adjudicating a motion to dismiss, all facts set forth in a plaintiff's complaint are to be accepted as true. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). A complaint will not be dismissed "unless it is plain that the plaintiff can prove no set of facts that would support the claims in the complaint." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188

(11th Cir. 2002). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id.*; *see also Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) ("[Our] duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff].").

At the outset, we note that the pleadings of a *pro se* litigant are held to less stringent standards than those drafted by an attorney, but that litigant must still meet minimal pleading standards. *Eidson v. Arenas,* 155 F.R.D. 215, 219 (M.D. Fla. 1994). While courts show leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education, this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). In addition, although this Court will give leeway to *pro se* litigants on substantive matters, *pro se* litigants are still required to conform to the procedural rules. *See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that liberal construction does not mean liberal deadlines); *see also Brooks v. Britton*, 669 F.2d 665, 667 (11th Cir. 1982) (holding that *pro se* litigants are required to move timely for an extension of time in order to file a late notice of appeal).

### A.     *Rule 8 Requirements*

To survive a motion to dismiss, a complaint must contain a short and plain statement of the facts that shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Kyle v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000). A pleading under Rule 8 should give opposing parties fair notice of the nature of the claims and the basis or grounds for it:

> In determining whether a pleading meets the standard of Fed. R. Civ. P. 8(a)(2), it must be construed so as to do substantial justice as required by Fed. R. Civ. P. 8(f). And, the most practical way to "do substantial justice" and comply with the rules of procedure, is to state the prima facie elements of the claim or

claims. Furthermore, in the interest of clarity and good pleading, a Plaintiff should clearly and specifically state the grounds upon which his various causes of action depend, since such a statement is necessary in order to present Defendants with a Complaint to which they can readily prepare an answer, as well as to facilitate future proceedings in the case.

*Eidson v. Arenas,* 155 F.R.D. 215, 220 (M.D. Fla. 1994) (internal citations omitted).

While Rule 8 allows a Plaintiff considerable leeway in framing its complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to § 1983 cases in an effort to identify meritless claims. *See GJR Investments*, 132 F.3d at 1367 ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims."). Accordingly, a § 1983 plaintiff must allege with specificity the facts that make out his claim. *See Wilson v. Strong*, 156 F.3d 1131, 1134 (11th Cir. 1998) ("[T]he contours of an asserted constitutional right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'") (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). Factual detail in the pleadings is particularly necessary in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right. *See GJR Investments*, 132 F.3d at 1367 (11th Cir. 1998).[3] Notably, "shotgun" pleadings do not provide a "short and plain statement of the claim." *Magluta v. Samples*, 256 F.3d 1282, 1283 (11th Cir. 2001).

---

[3] This is so because qualified immunity is not merely immunity from liability, it is immunity from suit. *See Leatherman v. Tarrant County Narcotics Intelligence Coordination Unit*, 507 U.S. 163, 166-67, 113 S. Ct. 1160, 1162, 122 L. Ed. 2d 517 (1993). While the Supreme Court stated in *Leatherman* that courts may not impose heightened pleading standards in 1983 cases against municipalities, both the Supreme Court and the 11th Circuit have declined to extend *Leatherman's* holding to cases involving individual government officials. *See id.* at 167-68, 113 S. Ct. at 1162; *GJR Investments, Inc.*, at 1368; *see also Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001) (*en banc*) (holding that unsupported conclusions of law or mixed questions of fact and law have long been recognized as not to prevent a Rule 12(b) dismissal).

B.     *Plaintiff's Complaint Violates Rule 8*

The Complaint fails to include a short and plain statement of the facts. Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint is seventy-five pages in length, and it is impossible to isolate the pertinent facts that relate to each particular claim because the allegations are rambling and disorganized. Most of the counts are against multiple defendants, but Plaintiff does not sufficiently specify how each particular defendant committed the alleged offence. The Complaint does not pass muster under Rule 8(a)(2), even without the additional hurdle of the heightened pleading standard. *Magluta*, 256 F.3d at 1284 (mandating that the district court enter an order striking the complaint and that the parties replead all claims to conform to the requirements of Rule 8 and the heightened pleading requirement).

Moreover, the declarations in the Complaint are not simple, concise, or direct. To further complicate matters, Plaintiff repeatedly intertwines inner-monologue with the factual allegations:

> [The officer] began positioning himself as if Plaintiff would run off. Plaintiff began thinking to herself, "I came to them; why would they think that I would run off?" [The officers] basically stated to Plaintiff that her behavior was strange, like the way she reacted when "I touched you." "Everybody wants to be touched." Plaintiff basically replied, not only you were not to have been touching me and calling me baby, you were not supposed to have been in my personal space like that.

[D.E. 1 at ¶ 46-49]. No competent lawyer could compose an answer to these vague allegations "that would be in keeping with what the framers of the Rules envisioned in fashioning Rule 8(b)." *Davis v. Coca-Cola Bottling Co. Consolidated*, No. 05-12988, 2008 WL 314962, at *11 (11th Cir. Feb. 6, 2008).[4]

---

[4]   "[A] party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1).

The Complaint further warrants dismissal because the purported constitutional violations are not "sufficiently clear." *See Wilson v. Strong*, 156 F.3d at 1134. For example, Plaintiff alleges that Defendants "violated Plaintiff's eighth amendment right when they took her into custody in the parking lot, sexually harassed her and humiliated her, and had her observed for 48 hours in a mental ward; and further, when they used defendant Dr. Pedro diagnose (sic) to protect themselves and other from embarrassment and wrongdoing by spreading rumors about Plaintiff." [D.E. 1 at ¶ 149]. Moreover, Plaintiff charges Defendants with violations of Biblical Scripture, specifically, versus 1 and 2 in Chapter 7 of Corinthians. [D.E. 1 at ¶ 82-85]. By any measure, Plaintiff's allegations fail to sufficiently apprise Defendants of the nature of the claims against them.

We also find that Plaintiff's Complaint is a quintessential "shotgun" pleading, and is in no sense the "short and plain statement of the claim" required by Rule 8(a)(2). The Complaint presents scores of allegations regardless of their relevance, and reiterates them in their entirety into sixteen counts asserting discrete claims for relief. As the entire Complaint uses this "shotgun" tactic, it is virtually impossible to know which allegations of facts are intended to support which claims for relief, and Defendant cannot be expected to frame a responsive pleading. *See Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364, 366-67 (11th Cir. 1996) ("[U]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

Although the violations of Rule 8 alone require a re-pleading, we note that Plaintiff's Complaint completely disregards Fed. R. Civ. P. 10(b)'s requirement that discrete claims should be pled in separate counts. *See Anderson*, 77 F.3d at 367 (11th Cir. 1996). For example, in Count Six of the Complaint, Plaintiff sues for "Malicious Abuse of Process, False Arrest, and

False Imprisonment." [D.E. 1 at p. 36]. District courts confronted by such complaints have the inherent authority to demand repleader *sua sponte*. *Id*. at 1284-1285 (remanding the case for the district court to enter an order striking the complaint and requiring a repleading conforming to the pleading requirements).

As a practical matter, the parties took alternate routes but arrived at the same destination. Plaintiff sought leave to amend her Complaint to clarify her various claims. Defendants moved to dismiss because the Complaint was procedurally deficient, and Defendants wanted Plaintiff to better clarify the facts and particular causes of action. At this juncture, the most expedient and just remedy is to grant Defendants' Motions and allow Plaintiff to amend the Complaint.

### III.   CONCLUSION

After a thorough review of the record and the motions filed by the parties, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Miami-Dade County's Motion to Dismiss Complaint and Strike Request for Punitive Damages [D.E. 18] is **GRANTED**.

2. Defendant Tenet Healthcare Corporation's Motion to Dismiss for Failure to Comply with Federal Rules of Civil Procedure 8(a), 8(e), 10(b), and 12(b)(6) [D.E. 23-1] is **GRANTED**.

3. Defendant City of North Miami's Motion to Dismiss [D.E. 29] is **GRANTED**.

4. Plaintiff's Motion for Leave to Amend Claims or Complaint, Joinder, Protective Order, To Compel Police Officers' and Doctor's Personnel Records, Submission of Evidence and Reinstatement of Doctor [D.E. 30] is **GRANTED IN PART**. Plaintiff shall be given leave to amend her Complaint within thirty (30) days of the date of entry of this order. The Amended

Complaint shall conform to the pleading standards set forth in the Federal Rules of Civil Procedure. The remainder of Plaintiff's Motion is **DENIED AS MOOT**.

    **DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of March, 2008.

                                           EDWIN G. TORRES
                                           United States Magistrate Judge

Copies provided to:
All counsel of record

Sheila Dennis, Pro Se
49 North Federal Hwy, #133
Pompano Beach, FL 33062